CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Harrisonburg
SEP 19 2008
JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DOE I, et al., | ) |
|     Plaintiffs, | ) Misc. Action No. 5:08MC00001 |
| v. | ) **MEMORANDUM OPINION** |
| PAULIEWALNUTS, et al., | ) By: Hon Glen E. Conrad |
|     Defendants. | ) United States District Judge |

This matter is before the court on non-party movant Anthony Ciolli's motion to quash third party subpoena to AOL, LLC. Because the court finds that the subpoena is invalid, the motion to quash shall be granted for lack of jurisdiction.

I. **BACKGROUND**

On March 18, 2008, Ben Berkowitz, the attorney for the plaintiffs, signed a third party subpoena directed to AOL, LLC in the case of <u>Doe I and Doe II v. Individuals whose true names are unknown, et al.</u>, No. 07-CV-00909-CFD, which had been filed in the District of Connecticut. The subpoena indicates that it was issued from the Western District of Virginia. The subpoena was directed to AOL at an address in Richmond, Virginia and requires production at the Ikon location which is also in Richmond, Virginia. Through the subpoena, the plaintiffs request documents including those relating to the identities of all persons who have registered or used the AOL Instant Messenger username AnthonyCiolli. After the subpoena was served upon AOL, non-party movant Anthony Ciolli then filed a motion in this court to quash the subpoena on First Amendment grounds. He was joined in this motion by non-party movants John Roe and Jane Roe.

After the parties submitted memoranda to the court in support of and in opposition to the non-party movants' motion to quash, the court became concerned that it may lack jurisdiction to enforce the subpoena or to resolve any such motion to quash under Federal Rule of Civil Procedure 45 because production is requested to be made in Richmond, which is located in the Eastern District of Virginia, rather than in the Western District of Virginia.[1] Therefore, the court entered an order on August 4, 2008 requesting the parties to submit supplemental memoranda of law addressing the jurisdiction issue. These memoranda have now been submitted to and reviewed by the court.

## II.   DISCUSSION

Federal Rule of Civil Procedure 45 sets forth the requirements for a valid subpoena as follows:

> (2) *Issued from Which Court*. **A subpoena must issue as follows**:
> (A)   for attendance at a hearing or trial, from the court for the district where the hearing or trial is to be held;
> (B)   for attendance at a deposition, from the court for the district where the deposition is to be taken; and
> (C)   for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

Fed. R. Civ. P. 45(a)(2). The relevant provision in this case is Rule 45(a)(2)(C) which commands that a subpoena for the production of documents alone "must issue" from the court for the district where the production is to be made. In this case, production is to be made in Richmond, Virginia in the Eastern District of Virginia from an AOL location which is also

---

[1] It appears that AOL does have a large facility in Sterling, Virginia where the requested documents may currently be held. This facility is also located in the Eastern District of Virginia.

2

located in the Eastern District. Therefore, it appears that the subpoena issued from the Western District of Virginia is facially invalid because such a subpoena could have been properly issued only from the Eastern District of Virginia.

The plaintiffs have submitted the declaration of their attorney, Ben Berkowitz, in which he states that he caused the subpoena to issue to AOL, LLC and that it should have borne a caption indicating it issued from the Eastern District of Virginia. Berkowitz further states candidly that he failed to correct the clerical error which resulted in the subpoena ostensibly issuing from the Western District of Virginia. The plaintiffs contend, however, that this error should not invalidate the subpoena because it was an inadvertent and harmless clerical error that has no effect on the parties' substantive rights. The plaintiffs also argue that the court "should exercise its discretion and inherent authority to adjudicate the Movants' motions on their merits" in order to conserve judicial resources and avoid duplicative litigation in the Eastern District of Virginia. Finally, the plaintiffs contend that Ciolli's failure to raise this issue prior to the court's order requesting clarification of the parties' positions on the issue constitutes waiver in this case.

In support of their position, the plaintiffs cite Atlantic Inv. Mgmt., LLC v. Millennium Fund I, Ltd., 212 F.R.D. 395 (N.D. Ill. 2002) where the Court examined the validity of a subpoena which was unsigned by the attorney as the issuing officer. There, the Court held that the attorney's failure to sign the subpoena was a mere oversight in light of his signature on the declaration of service attached to the subpoena. 212 F.R.D. at 397. The Court also noted that the third party movant had waived any objection on the basis of this defect because he failed to object initially and stated that he had accepted the subpoena. Id.

Ciolli asserts that the court lacks jurisdiction to enforce the subpoena at issue in this case

3

under Rule 45. Ciolli also contends that an omitted signature, as in Atlantic, may be a mere clerical oversight, but that the subpoena in this case was issued by the incorrect court, a jurisdictional defect which may not be waived. Although Ciolli agrees with the plaintiffs that it may very well consume additional judicial resources to litigate this motion to quash in the Eastern District of Virginia after the subpoena is correctly issued, he states that he "cannot in good conscience recommend that this Court ignore the law for his personal benefit."

The court finds this error is not a simple clerical error that may be disregarded by the court. It is not a situation akin to that in Atlantic, supra, where the issuing attorney simply neglected to sign the subpoena. Instead, as all of the parties agree, the instant subpoena was issued from the wrong court. Courts have typically held that such a subpoena is void or invalid on its face under Rule 45. See, e.g., Monsanto Co. v. Victory Wholesale Grocers, 2008 WL 2066449, *4 (E.D.N.Y. 2008) (subpoena facially invalid); Falicia v. Advanced Tenant Servs., Inc., 235 F.R.D. 5, 11 (D.D.C. 2006) (holding that the Court was unable to issue a subpoena that would require a party to produce documents in another district); James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15, 19 (D.D.C. 2002) (subpoena quashed as improper); Echostar Commc'ns Corp. v. The News Corp., Ltd., 180 F.R.D. 391, 397 (D. Colo. 1998) (invalid); Kremen v. Cohen, 2007 WL 1119396 (N. Cal. 2007) (holding that subpoenas were defective on their face "because they were not issued from the court for the district where the productions were to be made" in violation of Rule 45(a)(2)(C)); Products Mistolin, S.A. v. Mosquera, 141 F.R.D. 226, 229 (D. Puerto Rico 1992) (subpoena void on its face); Insinga v. Daimler-Chrysler Corp., 2008 WL 202701 (N.D.N.Y. 2008) (finding a violation of Rule 45(a)(2)(C) a "relatively modest procedural defect," although one that would provide a technical basis for denying a

4

motion to compel).

Furthermore, because of the mandatory language contained in Rule 45(a)(2)(C), courts have also held that they lack jurisdiction in the first instance over subpoenas which are issued improperly from the wrong court, a defect which may not be waived. See, e.g., Falicia v. Advanced Tenant Servs., Inc., supra, 235 F.R.D. at 11; Echostar Commc'ns Corp. v. The News Corp., Ltd., supra, 180 F.R.D. at 396-97 ("even the existence of personal jurisdiction in this court is insufficient to create jurisdiction over the documents which are outside of the district") (quoting Ariel v. Jones, 693 F.2d 1058, 1061 (11th Cir. 1982)). As a result, this court would also lack jurisdiction to enforce the subpoena. See Kupritz v. Savannah College of Art & Design, 155 F.R.D. 84, 88 (E.D. Pa. 1994).[2]

For the foregoing reasons, the court finds that the subpoena at issue in this case is facially invalid and that the court lacks jurisdiction either to enforce the subpoena or to rule on the merits of the motion to quash. Therefore, in accordance with Federal Rule of Civil Procedure 45(a)(2)(C), the non-party movants' motion to quash subpoena will be granted for lack of jurisdiction.[3]

---

[2] The plaintiffs cite Kupritz for the proposition that a court might still consider a subpoena captioned from the incorrect district where such incorrect captioning arises from a mistake or clerical error. However, in Kupritz, the Court made this observation assuming that the intent was that the subpoena be issued from the correct court in the first instance and that it was inadvertently captioned from some other court. 155 F.R.D. at 88. This is not the case here.

[3] The court understands that its ruling will result in a certain duplication of efforts on the part of the parties and that there may also be some waste of judicial resources as a result. Nevertheless, the court is not permitted to rule on the merits of the non-party movants' motion given the court's lack of jurisdiction over the subpoena in the first instance. The court agrees with Ciolli that any wasted efforts could have been prevented if counsel for the plaintiffs had remedied the defect in the subpoena at any point after its issuance. Nevertheless, the court finds that counsel's action, or lack of action, does not warrant the imposition of any sanctions in this case.

The Clerk is directed to send certified copies of this Memorandum Opinion to the non-party movants and all counsel of record.

ENTER: This 19th day of September, 2008.

/s/ Glen M. Conrad
United States District Judge